UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
           :
NAT'L UNION FIRE INS. CO. OF PITTSBURGH, PA,  :
on behalf of itself and each of the related insurers that  :
provided coverage to Respondents,                      :           13 Civ. 3129 (JMF)
           :
        Petitioner,           :
           :           MEMORANDUM OPINION
      and                                                 :           AND ORDER
           :
CHOPPER EXPRESS, INC., ET AL.,               :
           :
        Respondents.        :
------------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

    Petitioner seeks an order compelling arbitration and appointing Sylvia Kaminsky or Bina T. Dagar as arbitrator. For the reasons discussed below, the unopposed Petition is GRANTED as to Respondent Chopper Express, Inc. ("Chopper"), but DENIED without prejudice as to the other Respondents.

## DISCUSSION

    "In the context of motions to compel arbitration brought under the Federal Arbitration Act ('FAA'), 9 U.S.C. § 4 (2000), the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). Therefore, the petition to compel should be granted if Petitioner has demonstrated "that there is no genuine dispute as to any material fact and" that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see Bensadoun*, 316 F.3d at 175. When a party brings a petition to compel arbitration, "the role of courts is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed,

neglected or refused to arbitrate." *Jacobs v. USA Track & Field*, 374 F.3d 85, 88 (2d Cir. 2004) (internal quotation marks omitted).

Substantially for the reasons stated in Petitioner's memorandum of law (Docket No. 3), there is no dispute of fact as to either of these issues with respect to Respondent Chopper. First, the payment agreements between Petitioner and Chopper contain an arbitration clause, which unambiguously provides that any payment disputes or "[a]ny other unresolved dispute arising out of this Agreement must be submitted to arbitration." (Crowell Decl. Ex. A, at 8; *id.* Ex. E, at 8). And second, Respondent has "unequivocally refuse[d] to arbitrate, . . . by failing to comply with an arbitration demand." *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004) (internal quotation marks omitted). Specifically, Chopper has neither opposed, nor responded to, Petitioner's arbitration demand letter of February 26, 2013 (Crowell Decl. Ex. I), or the Petition in this case. Accordingly, Petitioner is entitled to an order against Chopper compelling arbitration of the present dispute.

The payment agreements between Petitioner and Chopper are binding upon Chopper as well as "each of [Chopper's] subsidiary, affiliated or associated organizations." (*See* Crowell Decl. Ex. A, at 4; *id.* Ex. E, at 4). Petitioner argues that all Respondents are parties to these agreements because they are the "subsidiary, affiliated or associated organizations" of Chopper. (Pet'r's Mem. Law 8 n.2). However, there is no evidence in the record of Chopper's relationship to the other Respondents. Therefore, unless or until Petitioner submits such evidence, the petition to compel must be denied with respect to all Respondents except Chopper.

Because Chopper has failed to respond to Petitioner's demand for arbitration, it has also failed to choose an arbitrator as required by the payment agreements. (*See* Crowell Decl. Ex. B, ¶ 6; *id.* Ex. F, ¶ 6). The agreements provide that if a party "refuse[s] or neglect[s]" to appoint an

arbitrator, any party may apply for a court-appointed arbitrator. (*Id.*). For the reasons stated in Petitioner's memorandum of law, the Court appoints Sylvia Kaminsky, an arbitrator certified by the AIDA Reinsurance and Insurance Arbitration Society.

## CONCLUSION

The petition to compel is GRANTED as to Respondent Chopper, and Sylvia Kaminsky is appointed as Chopper's arbitrator. The petition is DENIED without prejudice to renewal with respect to the other Respondents. Any renewal of the petition with respect to these Respondents shall be filed no later than **June 26, 2013**, and shall be accompanied by evidence that the Respondents are bound by the payment agreements or other evidence that an order granting the petition is proper. Unless Petitioner renews its application with respect to these other Respondents, no later than **June 26, 2013**, Petitioner shall submit a proposed order to the Orders and Judgments Clerk of the Court consistent with this Memorandum Opinion and Order.

The conference previously scheduled for June 27, 2013 is CANCELLED.

Petitioner shall mail a copy of this Memorandum Opinion and Order to each Respondent and shall promptly file proof of such service.

SO ORDERED.

Dated: June 19, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge